ORIGINAL

FILED

2007 OCT 17  PM 3: 57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ᴅᴅ_____DEPUTY

1  WEISS & JONES, L.L.P.
   Philip E. Weiss, Esq. (No. 152523)
2  1551 Shelter Island Drive
   San Diego, California 92106
3  Telephone: (619) 225-8884
   Facsimile: (619) 225-8801
4
   Attorney for Plaintiff
5
   SHELTER ISLAND YACHTWAYS, LTD.
6  a California Limited Partnership,
   dba SHELTER ISLAND BOATYARD
7

8

9                 UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11                                        '07 CV 2015    DMS WMc

12  SHELTER ISLAND YACHTWAYS, LTD., a    ) Case No.
    California Limited Partnership, dba SHELTER )
13  ISLAND BOATYARD,                     ) IN ADMIRALTY
                                         )
14              Plaintiff,               ) VERIFIED COMPLAINT OF
                                         ) PLAINTIFF SHELTER ISLAND
15  v.                                   ) YACHTWAYS FOR VESSEL
                                         ) ARREST, INTERLOCUTORY SALE
16  M/Y SUNDANCE, Official No. 521498, A ) AND FOR MONEY DAMAGES
    HATTARAS MOTORYACHT OF               ) FOR: (1) TRESPASS, (2) FRAUD IN
17  APPROXIMATELY 33 FEET IN LENGTH      ) THE INDUCEMENT, (3) BREACH
    AND 12 FEET IN BEAM, AND ALL OF HER  ) OF IMPLIED MARITIME
18  ENGINES, TACKLE, ACCESSORIES,        ) CONTRACT, (4) AND QUANTUM
    EQUIPMENT, FURNISHINGS AND           ) MERUIT
19  APPURTENANCES, in rem,               )
                                         ) F.R.C.P. Supplemental Admiralty
20              Defendant.               ) Rules C and E.
                                         )
21  _____) 46 U.S.C. Sections 30101-31343

22

23      Plaintiff alleges:

24                      JURISDICTION

25      1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), 28

26  U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, embodied at 46 U.S.C.

27  sections 31301, et seq. This action is a maritime and admiralty claim within the provisions of

28  Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain

1  Admiralty and Maritime Claims and of this Honorable Court.  Plaintiff SHELTER ISLAND

2  YACHTWAYS, LTD. (hereinafter "PLAINTIFF") brings this action on its own behalf and on

3  behalf of all parties who were, are or may become interested in all or part of the property which is

4  the subject of this litigation, as their interests may appear.

5  **PARTIES**

6  2.    Plaintiff SHELTER ISLAND YACHTWAYS, LTD., a California Limited

7  Partnership, dba SHELTER ISLAND BOATYARD ("PLAINTIFF") is and was at all times

8  material herein a California Limited Partnership, duly organized and existing by virtue of

9  law.  PLAINTIFF operates a boatyard located on Shelter Island, San Diego, California.

10  PLAINTIFF has provided wharfage services for the benefit of the DEFENDANT VESSEL after

11  she was abandoned at its premises.  Such services constitute "necessaries" for purposes of the

12  Commercial Instruments and Maritime Lien Act (46 U.S.C. 31301, *et seq.*).

13  3.    DEFENDANT VESSEL is a 1968 33-foot Hattaras motoryacht of 19 documented

14  gross tons, with a beam of 12.3 feet, named and known as "M/Y SUNDANCE," and currently

15  documented with the United States Coast Guard under Documentation No. 521498.  She is now

16  and will during the pendency of this action be within the waters of the Southern District of

17  California, and hence within the admiralty jurisdiction of this Court.

18  4.    This action is *in rem* only.  The individual believed to own the DEFENDANT

19  VESSEL, Wayne Oliver, has not been named as an *in personam* Defendant.

20  **FIRST COUNT**

21  **(Trespass -- Against the In Rem Defendant)**

22  5.    PLAINTIFF refers to Paragraphs 1 through 4 of this Complaint and incorporates

23  them as though fully set forth herein.

24  6.    On September 17, 2007 the DEFENDANT VESSEL was, without PLAINTIFF's

25  advance notice or permission, abandoned at PLAINTIFF's boatyard.  Both the DEFENDANT

26  VESSEL and the individual believed to be her owner, Wayne Oliver, were, prior to this incident,

27  unknown and strangers to PLAINTIFF.

28  7.    PLAINTIFF contacted Mr. Oliver, who claimed a tenant at its boatyard had been

1   hired to effect work on the DEFENDANT VESSEL's transom.  However, PLAINTIFF

2   contacted this tenant and was informed that not only was the tenant not retained to work on the

3   transom, the tenant specifically instructed Mr. Oliver that he was not to bring the DEFENDANT

4   VESSEL to PLAINTIFF's boatyard.

5          8.      Soon after discovering the DEFENDANT VESSEL abandoned at its boatyard,

6   PLAINTIFF contacted its attorney, Philip E. Weiss, and informed him of the situation and

7   requested his assistance in resolving the problem.

8          9.      On September 25, 2007 Mr. Weiss mailed a letter to Mr. Oliver, addressed to the

9   address reflected on U.S. Coast Guard records for the DEFENDANT VESSEL's owner, Mr.

10  Oliver.  A true and correct copy of this letter is attached as Exhibit A to the Declaration of Philip

11  E. Weiss, submitted concurrently herewith.  This letter made demand that the DEFENDANT

12  VESSEL be immediately removed from PLAINTIFF's boatyard and advised Mr. Oliver that lay

13  day charges, calculated at the boatyard's usual rates, would be imposed until the DEFENDANT

14  VESSEL was removed, and that PLAINTIFF would seek the arrest of the trespassing

15  DEFENDANT VESSEL if she was not removed within five days.  This letter also urged Mr.

16  Oliver to retain the services of an experienced maritime lawyer if he refused to remove his vessel

17  or had doubts as to PLAINTIFF's right to seek the arrest of the offending vessel.

18         10.     Having received no response to his letter, PLAINTIFF's attorney contacted Mr.

19  Oliver by telephone on October 4, 2007 to discuss the situation.  At that time Mr. Oliver

20  indicated he would in fact remove the DEFENDANT VESSEL the following week.  During this

21  conversation Mr. Oliver was informed that lay day fees were continuing to accrue at the rate of

22  $66.00 per day (calculated at the usual rate of $2.00 per foot of boat length per day).  He agreed

23  he would pay the lay day charges, and also would reimburse PLAINTIFF for the attorneys' fees

24  it incurred in connection with the instant matter.  At this time Mr. Oliver indicated he would

25  remove the vessel no later than the following Wednesday, October 10, 2007 and that he would

26  pay the lay day charges and attorneys' fees on that date.  In the interest of resolving the matter

27  informally and avoiding an unnecessary use of the Court's valuable and limited resources,

28  PLAINTIFF agreed to hold legal action in abeyance, to permit Mr. Oliver an opportunity to

1  perform on his promise. He did not.

2       11.    On October 10, 2007, the date by which Mr. Oliver was to have moved his vessel

3  and paid all sums agreed due, he had neither removed the DEFENDANT VESSEL nor contacted

4  PLAINTIFF or its attorney to explain why he had not done so, or paid the sums agreed due.

5  Accordingly, PLAINTIFF's attorney again called Mr. Oliver, to inquire as to his intentions. Mr.

6  Oliver advised he had been unable to move the vessel because his car "broke down" in Oregon,

7  where he apparently now resides. Asked why he did not then fly down to resolve the problem

8  (which was growing larger by at least $66.00 per day), Mr. Oliver indicated he did not have the

9  time to fly down because he had to go to a Veteran's Hospital. He did not explain how he would

10  have had time to drive to San Diego from Oregon without interfering with his hospital

11  appointment, but did not have the time to fly to San Diego. Mr. Oliver advised he was "working

12  on getting the money" necessary to satisfy PLAINTIFF's claim. When asked, Mr. Oliver

13  admitted he had not made arrangements for the accommodation of the DEFENDANT VESSEL

14  once he removed it from PLAINTIFF's boatyard. When asked how long Mr. Oliver anticipated

15  it would be before he would obtain the funds necessary to resolve this matter (pay lay day fees,

16  remove his vessel and pay, as agreed, attorneys' fees), he could not or would not provide any

17  estimate. PLAINTIFF's counsel then informed Mr. Oliver that the DEFENDANT VESSEL was

18  continuing to interfere with boatyard operations and that if she was not removed immediately

19  PLAINTIFF would be left with no option but to seek the assistance of the Court. Mr. Oliver

20  reiterated he "can't say when [he] will get the money" necessary to satisfy PLAINTIFF's claim

21  and remove his boat.

22       12.    Despite repeated demands by PLAINTIFF that the owner of the DEFENDANT

23  VESSEL move her, the owner has failed to do so, and hence she continues to occupy space at

24  PLAINTIFF's private boatyard, without permission, authority or legal justification.

25       13.    The DEFENDANT VESSEL has intruded onto and continues to intrude onto

26  PLAINTIFF's premises, thereby invading and interfering with PLAINTIFF's interest in the use,

27  profits and enjoyment of its boatyard.

28       14.    By reason of the foregoing, PLAINTIFF has been damaged in an amount according

to proof, but in any event in a sum, as of the date of this Verified Complaint, of not less than $1,800.00, plus prejudgment interest, plus attorneys' fees and costs of suit, no part of which has been paid by the DEFENDANT VESSEL, her owner or any one else.

## SECOND COUNT

### (Fraud In Inducement-- Against the In Rem Defendant)

15.     PLAINTIFF refers to Paragraphs 1 through 4, 6 through 14 inclusive, of this Complaint and incorporates them as though fully set forth herein.

16.     By locating herself at PLAINTIFF's boatyard the DEFENDANT VESSEL, herself and by and through her actual or ostensible owner, represented by necessary implication that she was there for a proper purpose, that she would pay lay day and other usual boatyard charges, that she would not remain in the absence of permission to do so, and that she would otherwise act in good faith.

17.     In permitting the DEFENDANT VESSEL to remain for a period after she was moved to PLAINTIFF's premises, PLAINTIFF justifiably and detrimentally relied on such representations by necessary implication, and also the specific representations of the DEFENDANT VESSEL's owner that the DEFENDANT VESSEL would be removed by a date certain and that PLAINTIFF's claims would at that time be fully satisfied (including attorneys' fees), which representations PLAINTIFF did not know, and could not have reasonably known were false.

18.     In making such false representations the DEFENDANT VESSEL and her actual or apparent owner intended to induce PLAINTIFF to rely on such false representations, to the end of acquiring and holding a mooring space for occupancy by the DEFENDANT VESSEL in PLAINTIFF's marina indefinitely, without payment.

19.     Had PLAINTIFF been aware of the falsity of such representations, it would not have held legal action in abeyance and would immediately have instituted a vessel arrest action.

20.     By reason of the foregoing, PLAINTIFF has been damaged in an amount according to proof, but in any event in a sum of not less than $1,800.00, plus prejudgment interest, plus attorneys' fees and costs of suit, no part of which has been paid by the

1  DEFENDANT VESSEL, her owner or any one else, despite repeated oral and written demands

2  therefor.

3  ### THIRD COUNT

4  **(Breach of Maritime Contract for Necessaries -- Against the In Rem Defendant)**

5  21.    PLAINTIFF refers to Paragraphs 1 through 4, 6 through 14, and 16 through 20

6  inclusive of this Complaint, and incorporates them as though fully set forth herein.

7  22.    Although being *forced* to do so as a result of the abandonment of the

8  DEFENDANT VESSEL at its boatyard, PLAINTIFF has provided wharfage services and other

9  maritime "necessaries" for the benefit of the DEFENDANT VESSEL, as defined by the

10  Commercial Instruments and Maritime Lien Act (46 U.S.C. section 31301, *et seq*), and the

11  DEFENDANT VESSEL has accepted these services.  Accordingly, a contract implied by the

12  circumstances exists, pursuant to which the DEFENDANT VESSEL is obligated to pay for the

13  "necessaries" provided by PLAINTIFF.

14  23.    PLAINTIFF repeated request that the owner of the DEFENDANT VESSEL move

15  her and pay accrued lay day charges and, as agreed attorneys' fees incurred in connection with

16  this matter.  Notwithstanding these requests, the DEFENDANT VESSEL, by and through her

17  actual or ostensible owner, has failed and refused, and continues to fail and refuse, to vacate

18  PLAINTIFF's boatyard, pay lay day charges and to reimburse PLAINTIFF for the attorneys'

19  fees it incurred.

20  24.    Lay day fees have accrued since the DEFENDANT VESSEL was abandoned at

21  PLAINTIFF's boatyard on September 17, 2007 at the rate of $66.00 per day (i.e., $2.00 per foot

22  of boat length per day).  Accordingly, the account for the DEFENDANT VESSEL stands in

23  arrears, as of October 17, 2007 in the amount of $1,800.00.  Lay day charges are continuing to

24  accrue at the rate of $66.00 per day.

25  25.    PLAINTIFF has fully satisfied all obligations required of it as the owner of a

26  boatyard at which a vessel is abandoned.  It is not required to provide custodial or other services

27  for the benefit of an abandoned vessel.

28  ///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR MONEY DAMAGES FOR
TRESPASS, FRAUD IN INDUCEMENT, BREACH OF IMPLIED MARITIME CONTRACT, QUANTUM MERUIT

Page -6-
Case No. **

26.    Despite PLAINTIFF'S repeated requests that the DEFENDANT VESSEL, by and through her actual or ostensible owner, remove the DEFENDANT VESSEL from PLAINTIFF's boatyard and pay all accrued lay day charges, as well as agreed attorneys' fees, the DEFENDANT VESSEL has failed and refused to do so, and, accordingly, a maritime lien in favor of PLAINTIFF now encumbers the DEFENDANT VESSEL.

27.    As a consequence of the foregoing, PLAINTIFF has been damaged, through the date of this Verified Complaint, in a sum of not less than $1,800.00, plus prejudgment interest, plus costs of suit (including attorneys' fees), no part of which has been paid by the DEFENDANT VESSEL, her owner or any other person.

## FOURTH COUNT

### (Quantum Meruit-- Against the In Rem Defendant)

28.    PLAINTIFF refers to Paragraphs 1 through 4, 6 through 14, 16 through 20, and 22 through 27 inclusive of this Complaint, and incorporates them as though fully set forth herein.

29.    PLAINTIFF provided valuable services which constitute maritime "necessaries under the Commercial Instruments and Federal Maritime Lien Act (46 U.S.C. section 31301, et seq.) to the DEFENDANT VESSEL, for her benefit.

30.    These maritime "necessaries" were accepted by the DEFENDANT VESSEL and enjoyed by her.

31.    PLAINTIFF had and has a rightful expectation of payment for these maritime services, but not been paid for them.

32.    Under the circumstances presented, not requiring payment for these services would result in the unjust enrichment of Defendants.

33.    As a consequence of the foregoing, PLAINTIFF has been damaged, through the date of this Verified Complaint, in a sum of not less than $1,800.00, plus prejudgment interest, plus costs of suit (including attorneys' fees), no part of which has been paid by the DEFENDANT VESSEL, her owner or any other person.

///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR MONEY DAMAGES FOR TRESPASS, FRAUD IN INDUCEMENT, BREACH OF IMPLIED MARITIME CONTRACT, QUANTUM MERUIT

Page -7-
Case No. **

**WHEREFORE**, plaintiff prays:

1.     That process in due form of law pursuant to this Court's Admiralty and Maritime Jurisdiction issue *in rem* against the DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest in the DEFENDANT VESSEL be cited to appear and answer this Verified *in rem* Complaint;

2.     That PLAINTIFF's maritime lien be declared to be valid and subsisting in an amount not less than $1,800.00, plus $66.00 per day from September 17, 2007 until the date of the arrest of the DEFENDANT VESSEL, plus accrued interest and recoverable costs of suit, and that such lien is prior and superior to the interest, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

3.     That judgment be entered against the DEFENDANT VESSEL, *in rem*, for PLAINTIFF's damages in a sum not less than $1,800.00,  plus $66.00 per day from the date of this Verified Complaint until the date of the arrest of the DEFENDANT VESSEL together with interest thereon, and costs of suit herein, including attorneys' fees, and together with all other amounts which have been or are required to be disbursed by PLAINTIFF for the care, insuring, preservation, storage and mooring of the DEFENDANT VESSEL, and all other advances, expenses, fees. costs and disbursements by PLAINTIFF, together with post-judgment interest at the maximum statutory rate.

4.     That the judgment include, additional to the above damages, punitive damages in a sum sufficient to punish the DEFENDANT VESSEL for her the fraud in the inducement and other outrageous conduct she, through her actual and apparent owner, perpetrated on the PLAINTIFF.

5.     That DEFENDANT VESSEL, her rigging tackle, apparel, furniture, and all other necessaries thereunto appertaining and belonging be condemned and sold to pay the demands and claims of PLAINTIFF, with interest and costs, and that PLAINTIFF may become a purchaser permitted to credit bid at any sale of the DEFENDANT VESSEL any amounts adjudged to be owing to PLAINTIFF;

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR MONEY DAMAGES FOR TRESPASS, FRAUD IN INDUCEMENT, BREACH OF IMPLIED MARITIME CONTRACT, QUANTUM MERUIT

Page -8-
Case No. **

1      6.     That, in the event a bond or other acceptable security is posted with the Registry of

2   the Court to effect the release of the DEFENDANT VESSEL as permitted by the Supplemental

3   Admiralty Rules (F.R.C.P.), an Order issue requiring her immediately upon release by the U.S.

4   Marshal to be removed from PLAINTIFF's boatyard;

5      7.     That it be decreed that any and all persons, firms or corporations claiming any

6   interest in the DEFENDANT VESSEL are forever barred and foreclosed of and from all right or

7   equity of redemption or claim of, in, or to the DEFENDANT VESSEL and every part thereof;

8      8.     That PLAINTIFF have such other and further relief in justice it may be entitled to

9   receive.

10  October 17, 2007             Respectfully submitted,

11                         WEISS & JONES, L.L.P.

12

13                       By

14                           Philip E. Weiss, Esq.
                              Attorney for Plaintiff

15                         Shelter Island Yachtways, Ltd.
                              dba Shelter Island Boatyard

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, ROY HOBBS, declare under penalty of perjury under the laws of the United States and the State of California as follows:

1.    I, the undersigned, am PLAINTIFF's Controller.

2.    I certify I have read the foregoing Verified Complaint and know its contents.

2.    The matters stated in the Verified Complaint are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Executed this 16 day of October, 2007 at San Diego, California.

Roy Hobbs

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR MONEY DAMAGES FOR TRESPASS, FRAUD IN INDUCEMENT, BREACH OF IMPLIED MARITIME CONTRACT, QUANTUM MERUIT

Page -10-
Case No. **

1 WEISS & JONES
Philip E. Weiss, Esq. (No. 152523)
2 1551 Shelter Island Drive
San Diego, California 92106
3 Telephone: (619) 225-8884
Facsimile: (619) 225-8801
4
Attorney for Plaintiff
5 SHELTER ISLAND YACHTWAYS, LTD,
a California Limited Partnership,
6 dba SHELTER ISLAND BOATYARD

7

8

9 **UNITED STATES DISTRICT COURT**

10 **SOUTHERN DISTRICT OF CALIFORNIA**

11 '07 **CV 2 0 1 5    DMS WMc**

SHELTER ISLAND YACHTWAYS, LTD, a ) Case No.
12 California Limited Partnership, dba SHELTER )
ISLAND BOATYARD, ) IN ADMIRALTY
13 )
Plaintiff, ) DECLARATION OF SERVICE
14 )
v. ) F.R.C.P. Supplemental Admiralty
15 ) Rules C and E.
M/Y SUNDANCE, Official No. 521498, A )
16 HATTARAS MOTORYACHT OF ) 46 U.S.C. Sections 30101-31343
APPROXIMATELY 33 FEET IN LENGTH )
17 AND 12 FEET IN BEAM, AND ALL OF HER )
ENGINES, TACKLE, ACCESSORIES, )
18 EQUIPMENT, FURNISHINGS AND )
APPURTENANCES, *in rem*, )
19 )
Defendant. )
20 _____ )

21

22 **DECLARATION OF SERVICE**

23 **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

24 I am employed in San Diego County, State of California. I am over the age of eighteen (18)

25 and not a party to this action; my business address is 1551 Shelter Island Drive, San Diego,

26 California 92106. On October 17, 2007, I served the following document(s) described as:

27 — **Summons in a Civil Action**

28 — **Civil Cover Sheet**

DECLARATION OF SERVICE                                                    Page -1-
Case No.

1    —    Verified Complaint of Plaintiff Shelter Island Yachtways For Vessel Arrest,

2         Interlocutory Sale And for Money Damages for: (1) Trespass, (2) Fraud In The

3         Inducement, (3) Breach Of Implied Maritime Contract, (4) Quantum Meruit

4    —    Ex Parte Application for Order Authorizing Issuance of a Warrant for Arrest of

5         Defendant Vessel

6    —    Declaration of Philip E. Weiss In Support of Vessel Arrest

7    —    [Proposed] Order Authorizing Arrest of Defendant Vessel Pursuant to

8         Supplemental Admiralty Rule C

9    —    Application for Appointment of Substitute Custodian and for Authorization for

10        Movement of Defendant Vessel

11   —    Declaration of Roy Hobbs In Support of Ex Parte Application for Order

12        Appointing Substitute Custodian

13   —    [Proposed] Order Appointing Substitute Custodian and Authorizing Movement of

14        Vessel

15   —    Warrant for Action In Rem

16   —    Notice of Vessel Arrest

17   on the interested parties in Case No. _____ by placing [_] the original

18   [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

19        Mr. Wayne Oliver

20        P.O. Box 3179

21        Kerby, OR  97531-3179

22   [_]    (BY PERSONAL SERVICE):  Personal service accomplished by [_] attorney service or

23   [_] _____, employed by Weiss & Jones.

24   [_]    (BY FACSIMILE AS INDICATED ABOVE):  I caused the foregoing document(s) to be

25   sent via facsimile transmission to the above addressee(s) at the facsimile numbers indicated above.

26   [X]    (BY MAIL AS INDICATED ABOVE):  As follows: I am "readily familiar" with the firm's

27   practice of collection and processing correspondence for mailing.  Under that practice it would be

28   deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego,

DECLARATION OF SERVICE                                                    Page -2-
                                                                         Case No.

1  California in the ordinary course of business. I am aware that on motion of the party served, service

2  is presumed invalid if postal cancellation date or postage meter date is more than one day after

3  deposit for mailing in affidavit.

4  [ ]    **(STATE):**    I declare under penalty of perjury under the laws of the State of California that

5  the foregoing is true and correct.

6  [X]    **(FEDERAL):**  I declare that I am employed in the office of a member of the bar of this court

7  at whose direction the service was made.

8  Dated: October 17, 2007                _Tamara A. Geehan_

9                                            Tamara A. Geehan

10  c:\arrest-sdcal-clientsub\proofservice

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE                                        Page -3-
                                                             Case No.

**ORIGINAL**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2007 OCT 17 PM 3:57

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SHELTER ISLAND YACHTWAYS, LTD., dba Shelter Island Boatyard | M/Y SUNDANCE, Official No. 521498, A HATTERAS MOTORYACHT OF APPROXIMATELY 33 FEET IN LENGTH AND 12 FEET IN BEAM & ALL OF HER ENGINES, TACKLE, ACCESSOR-IES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*, |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    San Diego
(IN U.S. PLAINTIFF CASES ONLY)    BY _____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Philip E. Weiss, Esq.
Weiss & Jones
1551 Shelter Island Drive
San Diego, CA 92106    (619) 225-8884

ATTORNEYS (IF KNOWN)

**'07 CV 2015    DMS WMc**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Commercial Instruments and Federal Maritime Lien Act, 46 U.S.C. sections 31301, et seq., Supplemental Admiralty Rules C and E for vessel arrest, interlocutory sale and satisfaction of maritime lien.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☒ 120 Marine | | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage* Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 870 Taxes (U.S. Plaintiff or Defendants) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ $1,800.00 + prejudg-ment interest+attorney fees & costs of suit | Check YES only if demanded in complaint: JURY DEMAND ☐ YES ☒ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|

DATE    Oct. 16, 2007    SIGNATURE OF ATTORNEY OF RECORD

#143641  $350  kd 10/17/07

Philip E. Weiss

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 143641    – KD**

**October 17, 2007
16:00:25**

**Civ Fil Non-Pris**
USAO #.: 07CV2015
Judge..: DANA M SABRAW
Amount.:              $350.00 CK
Check#.: BC 00043094

**Total–>  $350.00**

FROM: CIVIL FILING
      SHELTER ISLAND YACHTWAYS, LTD.
      M/Y SUNDANCE, ET AL