ORIGINAL

FILED
2007 OCT 17 PM 3: 59

___ DEPUTY

1  WEISS & JONES
   Philip E. Weiss, Esq.
2  1551 Shelter Island Drive
   San Diego, California 92106
3  Telephone: (619) 225-8884
   Facsimile: (619) 225-8801
4
   Attorneys for Plaintiff
5
   SHELTER ISLAND YACHTWAYS, LTD.
6  a California Limited Partnership,
   dba SHELTER ISLAND BOATYARD
7

8             UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

'07 CV 2015  DMS WMc

11  SHELTER ISLAND YACHTWAYS, LTD., a  ) Case No.
    California Limited Partnership dba SHELTER )
12  ISLAND BOATYARD,                   ) IN ADMIRALTY
                                       )
13              Plaintiff,             ) DECLARATION OF PHILIP E.
                                       ) WEISS IN SUPPORT OF VESSEL
14  v.                                 ) ARREST
                                       )
15  M/Y SUNDANCE, Official No. 521498, A ) IN ADMIRALTY
    HATTARAS MOTORYACHT OF             )
16  APPROXIMATELY 33 FEET IN LENGTH    ) F.R.C.P. Supplemental Admiralty
    AND 12 FEET IN BEAM, AND ALL OF HER ) Rules C and E.
17  ENGINES, TACKLE, ACCESSORIES,      )
    EQUIPMENT, FURNISHINGS AND         ) 46 U.S.C. Sections 30101-31343
18  APPURTENANCES, *in rem*,           )
                                       )
19              Defendant.             )
                                       )
20  _____

21      I, PHILIP E. WEISS, declare:

22      1.      I am an attorney for Plaintiff SHELTER ISLAND YACHTWAYS, LTD, a

23  California Limited Partnership, dba SHELTER ISLAND BOATYARD (hereinafter

24  "PLAINTIFF") in the referenced action. I am in good standing and licensed to practice

25  before all state and federal courts in California, including the United States District Court for

26  the Southern District of California. The focus of my practice is now, and has been for

27  approximately 17 years, maritime law. I have taught maritime law for approximately eight

28  years, and I sit by designation of the California Bar Association Board of Legal

DECLARATION OF PHILIP E. WEISS IN SUPPORT OF VESSEL ARREST                    1

Case No._____

1  Specialization on the Consulting Group for Specialization of Admiralty and Maritime Law. I
2  have personal knowledge of the facts recited herein and if called and sworn to testify, could
3  and would competently so testify.

4      2.    This Declaration is submitted in support of PLAINTIFF's Application for
5  Order Authorizing Issuance of Warrant for Arrest pursuant to Southern District Local Rules
6  for Admiralty and Maritime Claims, and in conformance with Rule C(3), Supplemental Rules
7  for Certain Admiralty and Maritime Claims, as amended April 29, 1985, which states:

> "[T]he verified complaint and any supporting papers shall be
> reviewed by the court and, if the conditions for an action in rem
> appear to exist, an order so stating and authorizing a warrant for the
> arrest of the vessel or other property that is the subject of the action
> shall issue and be delivered to the clerk who shall prepare the
> warrant . . . and [it] shall be delivered to the marshal for service."

14      3.    PLAINTIFF's General Partner informed me that September 17, 2007 the
15  DEFENDANT VESSEL was, without PLAINTIFF's advance notice or permission, abandoned
16  at its boatyard. I am further informed that neither the DEFENDANT VESSEL nor her apparent
17  and ostensible owner (Mr. Wayne Oliver) were known to PLAINTIFF before the DEFENDANT
18  VESSEL was abandoned at its boatyard.

19      4.    I am further informed that my client's General Partner, Mr. Bill Roberts, contacted
20  Mr. Oliver, who claimed a tenant at its boatyard had been hired to effect work on the
21  DEFENDANT VESSEL's transom. However, my client's Yard Manager contacted the tenant
22  and discovered that not only was the tenant not retained to perform work on the DEFENDANT
23  VESSEL, he specifically instructed Mr. Oliver that he was *not* to bring the DEFENDANT
24  VESSEL to PLAINTIFF's boatyard.

25      5.    Soon after discovering the DEFENDANT VESSEL abandoned at its boatyard,
26  PLAINTIFF me to inform me of the situation and to request my assistance in resolving the
27  problem.
28  ///

DECLARATION OF PHILIP E. WEISS IN SUPPORT OF VESSEL ARREST

2

Case No.____

1        6.     On September 25, 2007 I mailed a letter to Mr. Oliver, addressed to the address
2  reflected on U.S. Coast Guard records for the DEFENDANT VESSEL's owner, Mr. Oliver. A
3  true and correct copy of this letter is attached hereto as Exhibit A. In this letter I demanded that
4  the DEFENDANT VESSEL be immediately removed from my client's boatyard and I informed
5  Mr. Oliver that lay day charges, calculated at the boatyard's usual rates, would be imposed until
6  the DEFENDANT VESSEL was removed, and further that my client would seek the arrest of the
7  trespassing DEFENDANT VESSEL if she was not removed within five days. This letter also
8  urged Mr. Oliver to retain the services of an experienced maritime lawyer if he refused to remove
9  his vessel or had doubts as to my client's right to seek the arrest of the offending vessel.
10       7.     Having received no response to his letter, I contacted Mr. Oliver by telephone on
11 October 4, 2007 to discuss the situation. At that time Mr. Oliver indicated he would in fact
12 remove the DEFENDANT VESSEL the following week. During this conversation I informed
13 Mr. Oliver that lay day fees were continuing to accrue at the rate of $66.00 per day (calculated at
14 the usual rate of $2.00 per foot of boat length per day). He agreed he would pay the lay day
15 charges, and also would reimburse PLAINTIFF for the attorneys' fees it incurred in connection
16 with the instant matter. At this time Mr. Oliver indicated he would remove the vessel no later
17 than the following Wednesday, October 10, 2007, and that he would pay the lay day charges and
18 attorneys' fees on that date. In the interest of resolving the matter informally and avoiding an
19 unnecessary use of the Court's valuable and limited resources, my client agreed to hold legal
20 action in abeyance, to permit Mr. Oliver an opportunity to perform on his promise. He did not.
21       8.     On October 10, 2007, the date by which Mr. Oliver was to have moved his vessel
22 and paid all sums agreed due, he had neither removed the DEFENDANT VESSEL nor contacted
23 my client or me to explain why he had not done so, or paid the sums agreed due. Accordingly, I
24 again called Mr. Oliver, to inquire as to his intentions. Mr. Oliver advised he had been unable to
25 move the vessel because his car "broke down" in Oregon, where he apparently now resides.
26 Asked why he did not then fly down to resolve the problem (which was growing larger by at
27 least $66.00 per day), Mr. Oliver indicated he did not have the time to fly down because he had
28 to go to a Veteran's Hospital. He did not explain how he would have had time to drive to San

DECLARATION OF PHILIP E. WEISS IN SUPPORT OF VESSEL ARREST     3

Case No._____

Diego from Oregon without interfering with his hospital appointment, but did not have the time to fly to San Diego. Mr. Oliver advised he was "working on getting the money" necessary to satisfy PLAINTIFF's claim. When asked, Mr. Oliver admitted he had not made arrangements for the accommodation of the DEFENDANT VESSEL once he removed it from PLAINTIFF's boatyard. When asked how long Mr. Oliver anticipated it would be before he would obtain the funds necessary to resolve this matter (pay lay day fees, remove his vessel and pay, as agreed, attorneys' fees), he could not or would not provide any estimate. I then informed Mr. Oliver that the DEFENDANT VESSEL was continuing to interfere with boatyard operations and that if she was not removed immediately PLAINTIFF would be left with no option but to seek the assistance of the Court. Mr. Oliver reiterated he "can't say when [he] will get the money" necessary to satisfy PLAINTIFF's claim and remove his boat.

9. Mr. Oliver has not removed the DEFENDANT VESSEL from my client's boatyard, notwithstanding his specific promises to do so, has paid no portion of the lay day charges due or the attorneys' fees incurred which he promised to pay, and he has not contacted me or my client to advise when he actually might move the vessel and pay such sums that are due and which give rise to a maritime lien against the DEFENDANT VESSEL.

10. Mr. Bill Roberts, PLAINTIFF's General Partner, instructed me to seek the arrest of the DEFENDANT VESSEL, and subsequent satisfaction of his boatyard's maritime liens, which are based on the trespass of the DEFENDANT VESSEL, her breach of an implied contract to pay for maritime necessaries, her fraud in the inducement and on the basis of *quantum meruit*. The DEFENDANT VESSEL remains in a slip at PLAINTIFF's premises without contractual or any other known legal authority.

///
///
///
///
///
///

DECLARATION OF PHILIP E. WEISS IN SUPPORT OF VESSEL ARREST

4

Case No._____

11. There are no exigent circumstances which would justify execution of an Vessel Arrest Warrant by the Clerk of this Honorable Court under Supplemental Admiralty Rule C(3)(B).

The foregoing matters are within my personal knowledge, except as to those matters stated on information and belief, and, as to those matters, I believe them to be true. If called to testify as to the foregoing matters, I could and would competently thereto testify.

Executed this 17 day of October, 2007 at San Diego, California.

_____
Philip E. Weiss

September 25, 2007

Mr. Wayne Oliver
3653 South Highway 99 (Medford)
Post Office Box 1085
Jacksonville, Oregon 97530

      Re:    Shelter Island Boatyard adv. M/Y SUNDANCE, Oliver
              <u>Demand for Immediate Removal of Trespassing Vessel; Vessel Arrest</u>

Dear Mr. Oliver:

      I represent Shelter Island Boatyard in connection with the referenced matter. The above referenced vessel, a Hattaras motoryacht of approximately 33 feet in length and 12 feet in beam, U.S.C.G. Official No. 521498 was **_abandoned at my client's boatyard_** on September 17, 2007.

      This vessel, known as M/Y SUNDANCE, has no contractual or other legal authority to occupy space at my client's boatyard. Maritime law recognizes her as a _trespasser_. The trespass of a vessel gives rise to a maritime lien against her, which may be enforced by way of a vessel arrest accomplished in Federal Court. In such event, the very substantial costs of the arrest are fully recoverable. If you force us to arrest your vessel you can bet your life that we will seek recovery of every penny of the associated costs. If you doubt our ability to do this I suggest you immediately retain the services of an experienced maritime attorney.

      In addition, without waiving my client's objection to the trespass of your boat, my client is assessing **_lay day charges at its usual rate of $2.00 per foot per day_**. This amount to $66.00 per day for your vessel. As a result of these unpaid charges, maritime "necessaries" lien has also arisen against your vessel, which also is enforceable in admiralty in a vessel arrest action. Be advised my client does not assume, and specifically disclaims, any custodial or any other duty with respect to your boat.

      It is nothing short of _outrageous_ that you have abandoned your vessel or allowed her to be abandoned at my client's facility. This is akin to someone parking an old wreck of an R.V. in front of your house and simply walking away. We will not allow your scow of a boat to become my client's problem. **_I have been instructed that if the vessel is not removed within five calendar days from the date of this letter I am to submit vessel arrest papers in the U.S. Federal District Court in San Diego, without further notice, naming you and your vessel as defendants_**. If this becomes necessary I will aggressively pursue vindication of my client's property rights, which you have seriously invaded by permitting your vessel to trespass at my client's boatyard.

      If you have any thoughts of disregarding this letter I would urge you in the strongest possible terms to retain the services of a maritime lawyer _immediately_, so he or she can explain

---

Philip E. Weiss ▼ *San Diego County Office*     George M. Jones ▼ *Los Angeles County Office*
1551 Shelter Island Drive ▼ San Diego, California 92106     429 Shoreline Village Drive, Suite N ▼ Long Beach, California 90802
619.225.8884 ▼ Fax 619.225.8801     562.435.9501 ▼ Fax 562.435.9581
e-mail: pweiss@weissjones.com     e-mail: gjones@weissjones.com

www.weissjones.com     EXHIBIT _A_

to you exactly how any litigation is likely to "play out." Not well for you and your boat, I assure you. ***There will be no further notice or warning. If for any reason your boat is not removed by midnight on October 1, 2007 the next communication you will receive is service of legal papers, which you will be required to respond to.*** Remove you boat immediately or we will hold you and her accountable, simple as that. If I have not made myself perfectly clear, or if you or any lawyer you retain have any questions, I will look forward to hearing from you or such lawyer immediately to discuss them. This is a matter of utmost urgency. No excuses will be accepted. To avoid becoming a defendant in a federal action, you must take the action demanded above now.

                              Sincerely,

                              Philip E. Weiss

cc:     Client

EXHIBIT _A_