ORIGINAL

FILED

2007 OCT 17  PM 4: 02

CLERK US DISTRICT COURT,
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

WEISS & JONES
Philip E. Weiss, Esq.
1551 Shelter Island Drive
San Diego, California 92106
Telephone: (619) 225-8884
Facsimile: (619) 225-8801

Attorneys for Plaintiff

SHELTER ISLAND YACHTWAYS, LTD.
a California Limited Partnership,
dba SHELTER ISLAND BOATYARD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTER ISLAND YACHTWAYS, LTD., a California Limited Partnership dba SHELTER ISLAND BOATYARD,<br><br>Plaintiff,<br><br>v.<br><br>M/Y SUNDANCE, Official No. 521498, A HATTARAS MOTORYACHT OF APPROXIMATELY 33 FEET IN LENGTH AND 12 FEET IN BEAM, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*,<br><br>Defendant. | Case No. '07 CV 2015 DMS WMc<br><br>IN ADMIRALTY<br><br>APPLICATION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN AND FOR AUTHORIZATION FOR MOVEMENT OF DEFENDANT VESSEL<br><br>IN ADMIRALTY<br><br>F.R.C.P. Supplemental Admiralty Rules C and E.<br><br>46 U.S.C. Sections 30101-31343 |

Plaintiff, by and through its attorneys, Weiss & Jones, respectfully requests the Court issue an Order appointing Plaintiff as Substitute Custodian of Defendant Vessel M/Y SUNDANCE, Official No. 521498, a Hattaras Motoryacht of approximately 33 Feet in Length and 12 Feet in Beam, and all of her engines, tackle, accessories, equipment, furnishings and appurtenances, etc. and all other necessaries thereunto appertaining and belonging (hereinafter "DEFENDANT VESSEL"), and in support thereof represents as follows:

///

1. On or about October 16, 2007, the Verified Complaint herein was filed praying the DEFENDANT VESSEL be condemned and sold to pay Plaintiffs demands and for other proper relief.

2. It is anticipated that on or about October 16, 2007, the Clerk of this Court will, pursuant to Order of the Court, issue a Warrant for Arrest of the DEFENDANT VESSEL, commanding the United States Marshal for this District to arrest and take into custody the DEFENDANT VESSEL and to detain her until further order of this Court respecting same.

3. It is accordingly contemplated that the United States Marshal will arrest the DEFENDANT VESSEL forthwith. Custody by the United States Marshal requires the services of one or more keepers, and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

4. DEFENDANT VESSEL is located currently at Plaintiffs boatyard located at 2330 Shelter Island Drive, San Diego, California, 92106. Plaintiff has agreed to assume the responsibility for safekeeping the said DEFENDANT VESSEL where she is currently located or another suitable space at the boatyard and to act as her custodian until further Order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, at a cost not to exceed prevailing rates of the Port, as described with further particularity in the Declaration of Roy Hobbs:

   a. Assume custody of the DEFENDANT VESSEL from the United States Marshal at the place of her arrest, and maintain her in her slip at the customary rate prevailing in the Port for such accommodations provided by a vessel custodian until further Order of the Court;

   b. As soon as possible after assuming custody of the vessel, photograph and/or video tape the interior and exterior of the DEFENDANT VESSEL, and prepare a written inventory of equipment and property on the DEFENDANT VESSEL which is not installed as part of the DEFENDANT VESSEL.

///

1       c. Periodically inspect the DEFENDANT VESSEL to assure her safety and
2   security; mooring lines/fenders to assure safe and secure mooring;
3       d. Periodically as deemed prudent under the existing circumstances, but no less
4   than weekly, at the rate of $50.00 per inspection, inspect the DEFENDANT VESSEL for
5   integrity and fuel or lubricant leaks. If it is determined that further action is necessary beyond
6   those detailed herein Plaintiff shall notify its counsel, so counsel can seek an appropriate
7   Order from the Court.
8       e. Provide at usual and customary rates prevailing in the Port additional services
9   deemed reasonably prudent and necessary.
10      f. Machinery will be operated only as directed in a Court Order.
11      g. Provide other such services as may be required from time-to-time, by further
12  Order of the Court.
13      5. The Substitute Custodian will not sell the DEFENDANT VESSEL, release her
14  to anyone and/or let anyone aboard her, other than in the case of emergency.
15      6. Plaintiff, by the Declaration of Roy Hobbs, avers that it has adequate facilities
16  and supervision for the proper safekeeping of the DEFENDANT VESSEL and that it
17  maintains insurance policies which protect it against occurrences of negligence during its
18  custodianship. Those policies include, among others: Those policies include, among others:
19  (a) commercial liability with Clarendon America Ins., with a per occurrence limit of
20  $1,000,000 and an aggregate limit of $2,000,000; and (b) marine liability with Clarendon
21  America Insurance, with a per occurrence limit of $1,000,000. Plaintiff does not maintain
22  hull, machinery or protection a indemnity insurance. Further, in said Declaration the
23  Substitute Custodian accepts, in accordance with the terms of the Order Appointing
24  Substitute Custodian and Authorizing Movement of the Vessel, possession of the
25  DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances,
26  etc., and all other necessaries thereunto appertaining and belonging, which is the subject of
27  the action herein.
28  ///

1       7. Plaintiff, in consideration of the U.S. Marshal's consent to the substitution of
2 custodian, agrees to release the United States and the Marshal from any and all liability and
3 responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines,
4 boilers, tackle, apparel, furnishings, appurtenances, etc., and all other necessaries thereunto
5 appertaining and belonging, from the time the Marshal transfers possession of the
6 DEFENDANT VESSEL over to said substitute custodian, and said Plaintiff further agrees to
7 hold harmless and indemnify the United States and the Marshal from any and all claims
8 whatsoever arising out of the Substitute Custodian's possession and safekeeping.

9       **W H E RE F 0 R E**, Plaintiff respectfully requests that an Order issue:

10       1. Authorizing and directing the United States Marshal for the Southern District,
11 upon his seizure of said DEFENDANT VESSEL, her engines, boilers, tackle, apparel,
12 furnishings, appurtenances, *etc.*, and all other necessaries thereunto appertaining and
13 belonging, pursuant to the Warrant for Arrest, to surrender the possession thereof to the
14 Substitute Custodian named herein, and directing that upon such surrender the Marshal shall
15 be discharged from his duties and responsibilities for the safekeeping of the DEFENDANT
16 VESSEL and held harmless from any and all claims whatever arising out of said substituted
17 possession and safekeeping.

18       2. The Substitute Custodian named herein be appointed the custodian of said
19 DEFENDANT VESSEL to retain the same in its custody for possession and safekeeping,
20 with authority to move her to any location within its boatyard, for the aforementioned
21 compensation, at the rates prevailing in the Port and in accordance with the Declaration of
22 Roy Hobbs and the recitals herein contained, until further Order of this Court.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3. Plaintiffs attorney will serve by mail a copy of said Order to the last known address of DEFENDANT VESSEL's owner or apparent owner.

Respectfully submitted,

WEISS & JONES

Dated: October 16, 2007    By _____
Philip E. Weiss
Attorney for Plaintiff
SHELTER ISLAND YACHTWAYS, LTD,
a California Limited Partnership,
dba SHELTER ISLAND BOATYARD