ORIGINAL

FILED
07 OCT 31 AM 11:23
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 2015    DMS WMc

| | |
|---|---|
| SHELTER ISLAND YACHTWAYS, LTD., a California Limited Partnership dba SHELTER ISLAND BOATYARD, | Case No. |
| Plaintiff, | IN ADMIRALTY |
| v. | [PROPOSED] ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF VESSEL |
| M/Y SUNDANCE, Official No. 521498, A HATTARAS MOTORYACHT OF APPROXIMATELY 33 FEET IN LENGTH AND 12 FEET IN BEAM, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*, | F.R.C.P. Supplemental Admiralty Rules C and E. |
| | 46 U.S.C. Sections 30101-31343 |
| Defendant. | |

Plaintiff, SHELTER ISLAND YACHTWAYS, LTD. dba SHELTER ISLAND BOATYARD, (hereinafter "PLAINTIFF"), by and through its attorney, Weiss & Jones, having appeared and made the following recitals:

1.  On or about October 16, 2007, the Verified Complaint was filed praying that the vessel M/Y SUNDANCE, Official No. 521498, a Hattaras Motoryacht of approximately 33 Feet in Length and 12 Feet in Beam, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES

///

1  ("DEFENDANT VESSEL"), be condemned and sold to pay PLAINTIFF's demands and for
2  other proper relief.
3      2.   Pursuant to Order of the Court, on or about October 16, 2007 the Clerk of this
4  Court issued a Warrant for Arrest of the DEFENDANT VESSEL, commanding the United
5  States Marshal for this District to arrest and take into custody the DEFENDANT VESSEL
6  and to detain her in his custody until further Order of this Court respecting same.
7      3.   It is contemplated the United States Marshal will arrest the DEFENDANT
8  VESSEL forthwith. Custody by the United States Marshal requires the services of one or
9  more keepers, and does not include charges for wharfage and the other services usually
10 associated with safekeeping vessels similar to the DEFENDANT VESSEL.
11     4.   DEFENDANT VESSEL is located in a slip among those at SHELTER ISLAND
12 BOATYARD, located at 2330 Shelter Island Drive, San Diego, California, which has agreed
13 to assume the responsibility for safekeeping the said DEFENDANT VESSEL and has
14 consented to act as her custodian until further Order of this Court. It will provide, as
15 necessary under the circumstances, the following services for the safekeeping of the
16 DEFENDANT VESSEL, at a cost not to exceed prevailing rates of the port, as described
17 with further particularity in the Declaration of Roy Hobbs.
18     a.   Assume custody of the DEFENDANT VESSEL where she lies from the
19 United States Marshal at the place of her arrest, and keep her in her present slip until further
20 Order of the Court;
21     b.   As soon as possible after assuming custody of the DEFENDANT VESSEL,
22 photograph and/or video tape the interior and exterior of the vessel, and prepare a written
23 inventory of major equipment and property on the DEFENDANT VESSEL which is not
24 installed as part of the DEFENDANT VESSEL.
25     c.   Periodically inspect the DEFENDANT VESSEL to assure her safety and
26 security;
27     d.   Periodically as deemed prudent under the existing circumstances, but no less
28 than weekly, at the prevailing hourly rate, inspect the DEFENDANT VESSEL for integrity

1 and fuel lubricant leaks. Where further action beyond those detailed herein is deemed
2 necessary to preserve the DEFENDANT VESSEL, SHELTER ISLAND BOATYARD shall
3 advise counsel, so counsel can seek an appropriate order from the Court.

  e. Provide at the usual and customary rates prevailing in the port additional services as such services are deemed necessary and prudent.

  f. SHELTER ISLAND BOATYARD will operate only machinery described in a proper Court order.

  g. Provide other such services as may be required from time-to-time, by further order of the Court.

  5. SHELTER ISLAND BOATYARD, in consideration of the Marshal's consent to the substitution of custodian, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the case and custody of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, from the time the Marshal transfers possession of said DEFENDANT VESSEL over to said Substitute Custodian, and further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

  **THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the Southern District be, and is hereby, authorized and directed upon seizure of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, pursuant to the Warrant for Arrest to surrender the possession thereof to the Substitute Custodian named herein, and that upon such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from and against any and all claims whatever arising out of said substituted possession and safekeeping.

  **IT IS FURTHER ORDERED** that SHELTER ISLAND BOATYARD be, and is hereby appointed, the Substitute Custodian of the DEFENDANT VESSEL to retain the same in its custody for possession and safekeeping, with the authority to move the DEFENDANT

1  VESSEL within its boatyard, for the aforementioned compensation and in accordance with
2  the Declaration of Roy Hobbs and the recitals herein contained until further order of this
3  Court.
4        **IT IS FURTHER ORDERED** that PLAINTIFF's attorney will serve by mail a copy
5  of said Order to the person(s) believed to be the owner(s) of the DEFENDANT VESSEL.

7  Dated: October 29, 2007            _____
8                                           UNITED STATES DISTRICT COURT JUDGE

10 Respectfully submitted
11 on October 17, 2007            WEISS & JONES, LLP

13                                By: _____
14                                 Philip E. Weiss, Esq.
                                   Attorney for Plaintiff
15                                 SHELTER ISLAND YACHTWAYS, LTD,
                                   a California Limited Partnership,
                                   dba SHELTER ISLAND BOATYARD