WEISS & JONES, L.L.P.
Philip E. Weiss, Esq. (No. 152523)
1551 Shelter Island Drive
San Diego, California 92106
Telephone: (619) 225-8884
Facsimile: (619) 225-8801
E-Mail: shiplaw@earthlink.net

Attorneys for Plaintiff
SHELTER ISLAND YACHTWAYS, LTD.
a California Limited Partnership,
dba SHELTER ISLAND BOATYARD

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTER ISLAND YACHTWAYS, LTD., a California Limited Partnership, dba SHELTER ISLAND BOATYARD,<br><br>Plaintiff,<br><br>v.<br><br>M/Y SUNDANCE, Official No. 521498, A HATTARAS MOTORYACHT OF APPROXIMATELY 33 FEET IN LENGTH AND 12 FEET IN BEAM, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*,<br><br>Defendant. | Case No. 07-CV 2015 DMS (WMc)<br><br>IN ADMIRALTY<br><br>DECLARATION OF PHILIP E. WEISS IN SUPPORT OF MOTION FOR ORDER FOR INTERLOCUTORY VESSEL SALE AND AUTHORIZATION TO CREDIT BID<br><br>F.R.C.P. Supplemental Admiralty Rule E(9); 46 U.S.C. Sections 30101-31343<br><br>SUBMITTED ON PAPERS (Oral Arguments Not Requested) |

I, Philip E. Weiss, declare under penalty of perjury under the laws of the United States and the State of California as follows:

1.   I am admitted to practice in all Federal and State Courts located within the State of California, including the United States District Court for the Southern District of California. I am counsel of record for the Plaintiff in this action. The matters herein asserted

///

DECLARATION OF PHILIP E. WEISS IN SUPPORT MOTION FOR ORDER FOR INTERLOCUTORY VESSEL SALE AND AUTHORIZATION TO CREDIT BID

Page -1-
Case No. 07 CV 2015 DMS (WMc)

are of my personal knowledge, and as to such matters I could and would competently testify thereto under oath, should I be called to do so.

2. On September 25, 2007 I caused a letter to be mailed to Wayne Oliver, addressed to the address reflected as his on U.S. Coast Guard records for the DEFENDANT VESSEL. A true and correct copy of this letter is attached hereto as Exhibit. In this letter I made demand that the DEFENDANT VESSEL be immediately removed from PLAINTIFF's boatyard, and advised Mr. Oliver that lay day charges, calculated at the boatyard's usual rates, would be imposed until the DEFENDANT VESSEL was removed, and further that PLAINTIFF would seek the arrest of the trespassing DEFENDANT VESSEL if she was not removed within five days. This letter also urged Mr. Oliver to retain the services of an experienced maritime lawyer if he refused to remove his vessel or had doubts as to PLAINTIFF's right to seek the arrest of the offending vessel.

3. Having received no response to his letter, I contacted Mr. Oliver by telephone on October 4, 2007 to discuss the situation. At that time Mr. Oliver indicated he would in fact remove the DEFENDANT VESSEL the following week. During this conversation I reminded Mr. Oliver that lay day fees were continuing to accrue at the rate of $66.00 per day (calculated at the usual rate of $2.00 per foot of boat length per day). He agreed he would pay the lay day charges, and also indicated he would reimburse PLAINTIFF for the attorneys' fees it incurred in connection with the instant matter. At this time Mr. Oliver indicated he would remove the vessel no later than the following Wednesday, October 10, 2007, and that he would pay the lay day charges and attorneys' fees on that date. In the interest of resolving the matter informally and avoiding an unnecessary use of the Court's valuable and limited resources, PLAINTIFF agreed to hold legal action in abeyance, to permit Mr. Oliver an opportunity to perform on his promises. Regrettably, he did not.

4. On October 10, 2007, the date by which Mr. Oliver was to have removed his vessel and paid all sums agreed due, he had neither removed the DEFENDANT VESSEL nor contacted PLAINTIFF or its attorney to explain why he had not done so, nor paid the sums agreed due. Accordingly, I again called Mr. Oliver, to inquire as to his intentions. Mr. Oliver advised he had been unable to move the vessel because his car "broke down" in Oregon, where

DECLARATION OF PHILIP E. WEISS IN SUPPORT MOTION FOR ORDER FOR INTERLOCUTORY VESSEL SALE AND AUTHORIZATION TO CREDIT BID

Page -2-
Case No. 07 CV 2015 DMS (WMc)

he apparently now resides. Asked why he did not then fly down to resolve the problem (which after all was growing larger by at least $66.00 per day), Mr. Oliver told me he did not have the time to fly down because he had to go to a Veteran's Hospital. He did not explain, however, how he would have had time to drive to San Diego from Oregon without interfering with his hospital appointment, yet did not have the time to fly to San Diego. Mr. Oliver advised he was "working on getting the money" necessary to satisfy PLAINTIFF's claim. When asked, Mr. Oliver admitted he had not made arrangements for the accommodation of the DEFENDANT VESSEL once he removed it from PLAINTIFF's boatyard. When I asked him how long it would be before he would obtain the funds necessary to resolve this matter (pay lay day fees, remove his vessel and pay, as agreed, attorneys' fees), he could not or would not provide any estimate. I than then informed Mr. Oliver that the DEFENDANT VESSEL was continuing to interfere with boatyard operations, and that if she was not removed immediately PLAINTIFF would be left with no option but to seek the assistance of the Court. Mr. Oliver reiterated he "can't say when [he] will get the money" necessary to satisfy PLAINTIFF's claim and remove his boat.

5. I conducted today a search of the Yachtword.com database (said to contain listings on over 118,000 vessels nationwide) for all listed 1968 34-foot Hatteras motoryachts. This search yielded only a single listing, with an <u>asking</u> price of $24,900.00 A true and correct copy of this listing is attached hereto as Exhibit B. In contrast to the DEFENDANT VESSEL, the vessel listed at Yachtworld.com is said to be "pretty outside" with an interior in "good" condition, and with Chrysler 440 engines that reportedly run "real good."

Executed this 25th day of March, 2008 at San Diego, California.

s/Philip E. Weiss

Philip E. Weiss
Attorney for Plaintiff
Shelter Island Yachtways, Ltd.
dba Shelter Island Boatyard
E-mail: shiplaw@earthlink.net

DECLARATION OF PHILIP E. WEISS IN SUPPORT MOTION FOR ORDER FOR
INTERLOCUTORY VESSEL SALE AND AUTHORIZATION TO CREDIT BID

Page -3-
Case No. 07 CV 2015 DMS (WMc)