1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHELTER ISLAND YACHTWAYS, LTD., a California Limited Partnership, dba SHELTER ISLAND BOATYARD, | ) ) ) | Civil No. 07 CV 2015 DMS (WMC) IN ADMIRALTY |
| Plaintiff, | ) ) ) | ORDER FOR INTERLOCUTORY VESSEL SALE |
| v. | ) ) | F.R.C.P. Supplemental Admiralty Rule E(9) |
| M/Y SUNDANCE, Official No. 521498, A HATTARAS MOTORYACHT OF APPROXIMATELY 33 FEET IN LENGTH AND 12 FEET IN BEAM, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*, | ) ) ) ) ) ) ) ) | SUBMITTED ON PAPERS (Oral Arguments Not Requested) Date:    April 25, 2008 Time:   1:30 p.m. Judge:  Hon. Dana M. Sabraw |
| Defendant. | ) ) | |

## ORDER DIRECTING VESSEL

## SALE AND AUTHORIZING CREDIT BID

**CONSIDERING** the Motion of Plaintiff SHELTER ISLAND YACHTWAYS, LTD., a California Limited Partnership, dba SHELTER ISLAND BOATYARD ("PLAINTIFF") for an Order directing the public auction of the DEFENDANT VESSEL in this action, that certain motoryacht of approximately 33 feet and 12 feet in beam, known as M/Y SUNDANCE, U.S. Coast Guard Official No. 521498, and all of her engines, tackle, accessories, equipment, furnishing and appurtenances, and having duly considered any and all supporting any opposing papers, and good cause therefor appearing,

1    **IT IS HEREBY ORDERED** that, consistent with Supplemental Admiralty Rule E(9)(B) and Local Admiralty Rule E.1(e)(2), the United States Marshal be and hereby is directed and empowered to sell said DEFENDANT VESSEL and her engines, tackle, accessories, equipment, furnishings and appurtenances, as is, where is, at public sale at the first available time and date, after having first caused notice of said sale to be published daily in a newspaper of general circulation within the City of San Diego, California for at least six days immediately before the date of sale; and

**IT IS FURTHER ORDERED** that such public notice specify the date, time and location for the sale of the DEFENDANT VESSEL; and

**IT IS FURTHER ORDERED** that, consistent with Local Admiralty Rule E.1(e)(2), such public notice shall specify that the last and highest bidder at the sale will be required to deposit with the U.S. Marshal cash, certified check or a cashier's check in the amount of the full purchase price not to exceed $500, and otherwise $500 or ten percent (10%) of the bid, whichever is greater, and that the balance, if any, of the purchase price shall be paid in cash, certified check or cashier's check before confirmation of the sale or within three days of dismissal of any opposition to confirmation which might have been filed, exclusive of Saturdays, Sundays and legal holidays; and

**IT IS FURTHER ORDERED** that, after the U.S. Marshal deducts any sums to which it is statutorily or otherwise entitled by law to receive in connection with the sale of the DEFENDANT VESSEL, all proceeds of said sale be deposited by the United States Marshal in the Registry of this Court, to abide further Order(s) of this Court; and

**IT IS FURTHER ORDERED** that PLAINTIFF, having a secured maritime lien interest in the Defendant Vessel pursuant to the Commercial Instruments and Federal Maritime Lien Act (46 U.S.C. section 31301, *et seq.*) and the General Maritime Law of the United States as a consequence of the trespass of the DEFENDANT VESSEL, and being the only claimant in this action asserting a maritime or any other claim against her, is authorized pursuant to Local Admiralty Rule C.1(e)(2) to credit bid at the auction of the DEFENDANT VESSEL, without payment of cash, a sum equal to its secured interest in the DEFENDANT

1  VESSEL, consisting of the lien amount specified in the Verified Complaint ($1,800.00) plus
2  lay day charges calculated at PLAINTIFF's standard rate of $2.00 per foot of vessel length
3  (here $66.00 per day) that accrued between October 17, 2008 (when she arrived at
4  PLAINTIFF's boatyard) and the date of her arrest, and the actual costs of suit through the
5  date of the sale, including U.S. Marshal and other *custodia legis* expenses.  However, as
6  PLAINTIFF's secured interest in the DEFENDANT VESSEL does not, as a matter of law,
7  include attorneys' fees, such fees are not to be included in any credit bid PLAINTIFF might
8  make at the auction.

9  **IT IS SO ORDERED**.

11  DATED:  April 21, 2008

_____
HON. DANA M. SABRAW
United States District Judge